F. M. SIBLEY LUMBER CO. v. DORAN.

MECHANICS' LIENS—BURDEN OF PROOF—EVIDENCE—SUFFICIENCY.
In proceedings to enforce a mechanic's lien, *held*, that plaintiff had failed to furnish the burden of proof that the lien was filed within 60 days after the last of the materials was furnished.

Appeal from Wayne; Withey, J., presiding. Sub-

See note in 49 L. R. A. 236.

mitted April 18, 1918.    (Docket No. 120.)    Decided
September 28, 1918.

Bill by the F. M. Sibley Lumber Company against
David Doran and others to enforce a mechanic's lien.
From a decree dismissing the bill, plaintiff appeals.
Affirmed.

*Leo P. Rabaut (Lyle G. Younglove,* of counsel), for
plaintiff.

*James H. Pound,* for defendants Doran.

BIRD, J.   Plaintiff furnished lumber and materials
to defendant Wilson with which to erect a dwelling
house for defendants David and Ella Doran on Distel
avenue, in the city of Detroit.   The estimated cost
thereof was $4,400.   In order to secure the balance
due upon this contract plaintiff filed a statement of
lien on April 25, 1914.   It appeared at the hearing
that the first of the materials was furnished on Octo-
ber 23, 1913, and that the last was furnished on Feb-
ruary 2, 1914.   These dates of delivery were shown by
a statement which had been made by the bookkeeper
from the receipted delivery slips.   At the conclusion
of the proofs defendants' counsel made the point that
the statement of lien was filed more than 60 days
after the last of the materials was furnished and
therefore the lien was invalid.   This led to some dis-
cussion between counsel, after which the chancellor
held that the filing was too late, consequently there
was no lien.

Later a motion for rehearing was filed, argued, and
granted.   Further proofs were taken bearing upon
the actual date the last of the materials was furnished.
Plaintiff, to establish its contention that an error was
made in copying the receipted delivery slips, produced
them.   The slip in question bore date of February

24th. The bookkeeper of plaintiff testified that the last slip was copied by him as February 2d, whereas it should have been the 24th of February. Other delivery slips were produced showing deliveries on February 4th and 5th, which were numbered respectively 4768 and 4805, whereas the slip in question was number 5032. It was argued from this that number 5032 must have been made at a later date than February 2d because the slips were numbered consecutively by a registering machine.

In opposition to this contention, defendants testified they moved into the house on February 12th, and that no materials were furnished after that date. Their testimony in this respect was corroborated by no less than six witnesses, some of whom were members of their family while others were their neighbors.

The explanation of the error by the bookkeeper of plaintiff appears to be reasonable and convincing. The testimony of defendants and their witnesses is also convincing. The materials which appear to have been the last delivered were several feet of porch rail. The absence of several feet of porch rail would be something which would likely be noticed by the members of the family as well as the act of Wilson or his foreman in supplying it. Therefore, there is not much chance for them to be mistaken in their testimony. If plaintiff is right in its contention these parties must have deliberately falsified concerning it. To say the least, the question is involved in serious doubt. It was the duty of plaintiff to furnish the burden of proof upon this question. We think it has failed to meet this burden and therefore its case must fail. The conclusion reached by the chancellor must be affirmed, with costs to the defendants Doran.

OSTRANDER, C. J., and MOORE, STEERE, BROOKE, FELLOWS, STONE, and KUHN, JJ., concurred.